UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
GEORGE VUKSANAJ,

        Plaintiff

         v.

METRO-NORTH COMMUTER RAILROAD,

        Defendant
--------------------------------------------------------------------X

21 Civ.

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1.      The plaintiff is a resident of the State of New York, County of Putnam, and City of Putnam Valley.

2.      The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3.      On or about and prior to June 11, 2018, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Third-Railman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4.      On or about and prior to June 11, 2018 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Mott Haven Yard, Bronx, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5.      During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6.      The plaintiff brings the First Cause of Action against the defendant for violation of the

Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7.      This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8.      Venue is proper in this District because a substantial part of the events or omissions

giving rise to the claim occurred in this District, because defendant resides in this District and/or

because defendant does business in this District.

## FACTS

9.      At the time of the defendant's FELA violations, the plaintiff was employed by the

defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10.      On or about and prior to June 11, 2018, the plaintiff was working as a Third Railman at

the direction and training of defendant, when plaintiff was throwing bracket/channel combinations into

a dumpster when plaintiff felt a pop in his right shoulder.

11.      Defendant's conduct, more specifically set forth below, caused, in whole or in part, the

plaintiff to suffer various physical, psychological and economic harms.

12.      Plaintiff's injuries include, but are not limited to, tear of the right anterior inferior and

posterior labrum.

## COUNT I
## Violation of FELA

13.      The plaintiff adopts by reference and realleges each and every allegation set forth in the

foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of

action.

14.      This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C.

Sec. 51 et seq.).

15.      On or about June 11, 2018, while the plaintiff, an employee of the defendant, was in the

performance of his duties as a Third Railman at the Mott Have Yard, Bronx, New York, the defendant,

its agents, servants and employees, so negligently and carelessly conducted themselves toward the

plaintiff:

     a.   in failing to provide plaintiff with a reasonably safe place to work;

     b.   in failing to provide proper vehicle/truck to dispose of materials;

     c.   in failing to reasonably plan the work;

     d.   in failing to supervise the work;

     e.   in failing to provide adequate access to the dumpster;

     f.   in failing to instruct plaintiff on proper procedure;

     g.   in failing to provide adequate manpower;

     h.   in failing to maintain plaintiff's work place; and, so negligently failed and neglected

         to enact and enforce safety rules, regulations, procedures, and practices for activities

         carried out by its personnel at the said place, that all of the foregoing brought about

         severe and disabling injuries to plaintiff, as set forth above.

16.    The relevant injuries occurred while the plaintiff was acting in the furtherance of

interstate commerce or in work closely or substantially affecting the same.

17.    The plaintiff was damaged thereby in a sum in excess of $100,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of

ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; together with the costs and disbursements of this

action.

Respectfully submitted

By: _____
        MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com